**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| L. SEVILLE PARKS, | ) | 3:04-cv-00501-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEBRA BROOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Following remand by the Court of Appeals, two claims remained to be tried in this action: (1) plaintiff's claim that defendants violated his First Amendment right to free exercise of his religion when they denied him a kosher diet; and (2) plaintiff's claim that the prison regulation used to deny him kosher meals violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). After the plaintiff declined to present any evidence to support his claims at trial, the court dismissed this action with prejudice. As additional grounds for dismissing the RLUIPA claim, the court finds and concludes as follows.

1

RLUIPA provides that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  RLUIPA also states that prisoners may obtain "appropriate relief" against a government.  42 U.S.C. § 2000cc-2(a).

Plaintiff has sued all defendants in both their individual and official capacities.  He seeks monetary damages and injunctive relief.[1]  As plaintiff is no longer in custody, his claims for injunctive relief are moot.  The question then is whether "appropriate relief" under RLUIPA includes monetary damages against defendants in either their individual or official capacities.

The Ninth Circuit has recently held that RLUIPA does not authorize monetary damages against defendants in their official capacities. *Holley v. Cal. Dep't of Corrections*, 599 F.3d 1108, 1112 (9th Cir. 2010).  Thus, plaintiff cannot recover monetary damages against defendants in their official capacities for the alleged RLUIPA violation.

The Ninth Circuit has not yet decided whether RLUIPA authorizes money damages against state actors in their *individual* capacities.  *See Shilling v. Crawford*, 2010 WL 1735039, at *2 (9th

---

[1] Plaintiff's complaints do not seek declaratory relief.  (*See* Pl. Compl. dated July 16, 2004, at 23; Pl. Compl. dated Apr. 5, 2004, at 15).

2

Cir. Apr. 28, 2010). However, the circuit courts that have directly addressed the issue have held that it does not. *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 184 (4th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009). Several district courts in this circuit have reached the same conclusion. *See, e.g.*, *Sokolsky v. Voss*, 2010 WL 2991522, at *4 (E.D. Cal. July 28, 2010); *Alvarez v. Hill*, 2010 WL 582217, at *12 (D. Or. Feb. 12, 2010); *Harris v. Schriro*, 652 F. Supp. 2d 1024, 1030 (D. Ariz. 2009). The courts reasoned that because RLUIPA was enacted pursuant to Congress's Spending Clause power, it "cannot be construed as creating a private action against individual defendants for monetary damages."[2] *Smith*, 502 F.3d at 1275.

The Ninth Circuit has held RLUIPA is constitutional under the Spending Clause. *See Mayweathers v. Newland*, 314 F.3d 1062, 1066-67 (9th Cir. 2002). While RLUIPA purports to have Commerce Clause underpinnings, the Seventh Circuit has held that it is appropriate to interpret RLUIPA as an exercise of the Spending Clause power where there is no evidence that the "denial of a religious diet affected commerce with foreign nations, among the several States, or with Indian tribes." *Nelson*, 570 F.3d at 886

---

[2] Spending Clause legislation operates like a contract. *Harris*, 652 F. Supp. 2d at 1029 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981)). Individual state actors are not parties to the contract in their individual capacities. *See Sossamon*, 560 F.3d at 329 ("Congressional enactments pursuant to the Spending Clause do not themselves impose *direct* liability on a non-party to the contract between the state and federal government."). "Construing RLUIPA to provide for damages actions against officials in their individual capacities would raise serious questions regarding whether Congress had exceeded its authority under the Spending Clause." *Nelson*, 570 F.3d at 889.

3

1  (internal punctuation and alterations omitted); *see also Smith*, 502
2  F.3d at 1274 n.9.  As in *Nelson*, there is no evidence here that
3  denying plaintiff a kosher diet affected interstate commerce.  The
4  court therefore interprets RLUIPA as an exercise of Congress's
5  Spending Clause power and concludes that plaintiff cannot obtain
6  monetary relief against the defendants in their individual
7  capacities for the alleged RLUIPA violation.
8       Accordingly, as plaintiff's claim for injunctive relief is
9  moot, and RLUIPA does not authorize recovery of monetary damages
10 against the defendants in either their individual or official
11 capacities, plaintiff's RLUIPA claim is hereby dismissed.
12      IT IS SO ORDERED.
13      DATED: This 15th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

4